J udge Mills
delivered the Opinion of the Court.
Tins is a suit in chancery, brought by the widow of Charles Beelor, deceased, against his administrator, to have an account and distribution of his estate, it was once before in this court, and reversed on the prayer of the administrator, because idle rest of the distributees were not parties, cither as complainants or defendants.
On the return of the cause to the court below, an attempt was made to bring the necessary parties be *574 fore the court; the accounts were referred to an amtitor who reported thereon, and final decree was again entered in favor of the complainant, from which both parties have appealed.
Statement of the parties and distributees.
Éxecutor an,d not the children of a son dying aftei his father are entitled to recover distribution of liis goods and chattels, and must be the party to the bill for distribution.
Distributee •who had sold his whole interest, need not be made tion-
*574 It is again insisted by the administrator, that thé proper parties were not all completely brought before the court, at the trial of the cause. The administrator himself, is a distributee, and the remaining distributees at the death of the father, were Nathaniel Beelor, Charles Beelor, jr. Thomas Beelor, George Beelor, and Charles B. Lemaster, the son of a daughter whó died before her father. Thomas and Charles are nonresidents, and publication was made against them as such. George Beelor has answered. Lemaster died before the hearing of the cause, and devised all his estate to John B. Lemaster., and constituted him the executor, and he has appeared and answered the bill. The only difficulty that occurs with regard to these parties arises with respect to Nathaniel Beelor. He died after the return of the cause from this court, to the court below, and during its pendency.
A bill to revive made his children, as his heirs, parties, omitting the personal representative. Before the final hearing, one of these ■ children died, and the cause as to that child abated. The defendant, the administrator, objected to trial, unless the cause was revived against the representatives of that child. The complainants refused to revive, and the court below decided it to be unnecessary. We should have no hesitation in deciding that after the death of Nathaniel Beelor, the cause was improperly revived, and that the proper parties were not before the court, because his children or heirs were pot, but his personal representatives alone were the proper parties, if it was not for another circumstance which we apprehend renders it unnecessary to have made either Nathaniel Beelor or his representatives parties.
It is charged in an amended bill, and tacitly admitted by the answer that the administrator had purchased out, and was entitled to the share of this distributee.
withey‘e county court.
Distributive share of the her bund’s estate, in his execut0n ,hnmls' , bythesurvivorof her band, and go to the executors ,of such lone?^
Held the ex-ecutorsofthe here^ece^sary parties to . be relieved against him," and the wife ' «vxccutrix in dieir lives.
*575 And what is more conclusive, the county court had made a previous distribution of this estate, and therein assigned to the administrator the portion of Nathaniel Beelor, by virtue of his purchase, the approbation of all concerned. This being a matter of which the county court had jurisdiction, and the fact being confessed, we do not hesitate to say, that it rendered it wholly unnecessary to make Nathaniel Beelor or his representadves'parties, and there was consequently no error in proceeding withOut them.
Another objection to the parties, who are complainants must next be noticed. During the pendency of this long controversy, the widow, who was step mother of the administrator, and who was at first the sole complainant, intermarried with Joseph Kellar, in whose name the cause was revived and long continued in the name or himself and wile, He at length died, and by his will appointed executors. His widow next died, and by her will constituíed an executor, and the cause was then revived by bill of revivor, in the names both of the executors of the husband and the wife, and on the final hearing, a joint decree was rendered, in favor of the executors of both, for the balance due.
It was erroneous to decree to the executors of the husband, the amount due from the administrator. • It was a chose in action, belonging to the wife on the marriage, and was never reduced to possession during the marriage, consequently, at the death of either, on well settled principles, it passed to the representatives of the husband, if he survived, or to the wife as survivor, and the wife being the survivor, her representatives alone, were entitled thereto.
But although the representatives .of the husband werenot entitled to this,decree for the balance to be recovered, yet we cannot admit that they were not proper parties. The wife, before the marriage had purchased sundry articles, at the sale of the estate ef the deceased, and had hired the slaves belonging to the estate, and the administrator had recovered judgments at law, for these articles purchased, and *576 the hire, and also a decree of this court for a considerable amount of costs on the former reversal. Some one, or more of these judgments and decree were rendered against the husband, and he had obtained an injunction, and entered into the injunction bond, for the purpose of obtaining a discount for the amount, against wliat was due from tbe administrator. It was therefore proper that the executors of the husband should he made parties, for the purpose of obtaining relief against these judgments, in which the husband was jointly bound with the wife, so that thereby, the husband’s estate might be discharged from these responsibilities incurred, arising from this same estate of the wife. The error there - fore, only consists in extending the decree in favor of the husband’s executors, to the recovery of the balance due, after these judgments and decree was discounted, and it is such an error as according to the established practice of this court, can be corrected, and the cause be returned with directions to correct the decree in this respect, and there is no necessity imposed of opening the cause entirely, and sending it back for new proceedings on this account.
Order refering the cause to an auditor, irregularly without proper intractions; ,'.iis report; exceptions aud decision of the court on the account : which cured the irregularties.
Settlement with the county court before the suit in chancery, prima facie evidence : otherwise of a settlement made pending the bill.
*576 This leads us to an inquiry into the merits of the controversy, in which we shall consider the appeal of both parties together.
The proceedings of the court below, were not strictly proper, and according to the rules of chancery in settling the account. That court, on the first hearing, did not decide a single question, as directory to the auditor, hut barely directed him to take the settlement of the county court as the basis of the settlement; to disallow the items impeached, surcharged and falsified, and to add thereto, where the proof justified it, thus attempting to delegate to the auditor judicial powers. But as the court acted upon the account, after the report, made out, and sustained all but a few items, which wore expunged on exceptions this irregularity in the reference, cannot be made a ground of reversa!.
It is objected by the administrator that the account settled by him with the county court wag much garbled by the commissioner, and almost *577 wholly disregarded in the settlement. To this we answer that the settlement with the county court, was only prima facie evidence in his favor, and the complainants have been successful in impeaching it by testimony, and we cannot say that he has been charged with more than the testimony in the cause will warrant, nor has he lost any credits to which he was fairly entitled. Add to this, part of his settlement with the county court was made after this suit was commenced, and that part was not, according to former decisions, even prima facie evidence for him.
Executor shall account for the value of the commodity for which he let, and which was paid him as rent, for a lease-hold estate, and not for the fair cash rent only of tho premises, being less than the value of the commodity — he ■ shall not speculate on the estate.
Charge made in an amended bill, not denied in the anwswev, and allowed by the auditor, improperly reduced by. the circuit judge, on a mere exception to the report without proof.
*577 One thing in which the settlement with the county court is corrected will be noticed. The deceased heldalease-hold estate, on which were sundry furnaces for making salt, and these, after his death, were leased by the administrator for considerable rent payable in salt. The administrator charged himself with the usual or highest cash rent ofthese furnaces, and received the salt, and therewith paid the debts of the estate, and charged the estate with the salt at two dollars per bushel, and thereby the salt greatly exceeded the rent with which he was charged. This was a speculation on the estate which cannot be indulged, and the administrator is not entitled to pocket the proceeds, hut they must result to the benefit of the whole estate, and in this respect, the account w;as properly corrected.
We will also add, that in several instances where the decedent owed debts and had paid a part or the whole in his life time, and the administrator settled these accounts, and took receipts for the whole, and he had charged the full amount of these receipts against the estate, which was highly improper.
Nor do we perceive any error against him in the opinion of the court below, in deciding on the exceptions of the administrator to the report of the commissioners; hut the contrary is true as regards one item. It is charged in one of the amended bills, that there was a debt due in Virginia, to the decedant’s estate, arising from the sale of a tract of land belonging to his widow, then his wife, and that the administrator was proceeding to collect, or had col *578 lectedit. líe answers, admits the existence of the debt, and that he had attempted to recover it, but wa's prevented by the interposition of the complain - ant, and admits he had obtained judgment for the amount and expected to collect it. Afterwards an amended bill is filed which charges specially, that he has collected that debt, and that the amount thereof is fifteen hundred dollars, which they pray may be taken into the account. To this amended hill he makes no answer, and it is taken as confessed. The commissioner reported the charge against him of fifteen hundred dollars, in his exceptions to the report, without any affidavit or proof, he contests the amount of this demand, and alleges it. to he only $1,000 instead of $1,500. And as far as this court can discover, on the credit of this exception alone, which appears to he the act of counsel, the court below struck from the report of this charge. This decision we cannot admit to be correct. The amount which he did not contest or deny by answer, must be taken as true against him; of course in this exception, he got more and the other party less than the rules' of equity would allow. The" remaining exceptions appear to be correctly decided.
To charge an executor with interest on the shares of the distributees, is not a matter of course-
But—
Executor may be charged with interest where he has recovered interest, or where he ought to distribute and fails to do so on propel' demand.
*578 One other point made by the complainant below, must be noticed. It is charged in the original bill and distinctly admitted in the answer of the administrator, that before suit brought, a demaud was made of him, and bond and security tendered, conditioned to refund a due proportion of debts, which might thereafter arise, and the costs attending the recovery thereof. It is now insisted that under these circumstances the administrator ought to he charged with interest. To charge the personal representative with interest, is not a matter of course, but it is often done, especially when he has received interest, or when he ought to distribute, and fails to do so, on a proper demand.'
In this case the demand has been a proper one. The reason assigned why he did not comply with it is, that at the time there was little or nothing left, and that there were demands pressing the estate by *579 suit, which would be sufficient to cover any balance which he had unadministered. It now turns out that, allowing him credit for all these debts, and any that have appeared during the long pendency of this controversy, (many of which he has not yet paid,) there is upwards of of $7,000 for distribution. This was concealed by his erroneous settlement with the county court, arid he has opposed and delayed this suit, by a perseverance bordering on obstinacy, till it has outlived many of its parties. Under such circumstances we conceive the court below ought to have allowed interest in favor of the complainants. The amount due ought first to be ascertained as principal. On this the judgments at law, which are for articles purchased at the sale and for hire of slaves, and which are to be perpetually enjoined, ought to be credited, not at their amount as swelled by interest, but at their principal only. On the balance, if any, interest must be charged against the administrator, till the date of the decree of this court-for costs, which is then to be credited, and interest to be continued till the date of the decree; interest is to be calculated on the widow’s share of the ‡1,500 received in Virginia, commencing at the date of filing the amended bill, which charges the reception thereof. On the contrary, if when the judgment at law for negro hire and articles purchased at the sale shall be credited, as before directed, the balance shall be in favor of the administrator, interest must be calculated on that balance till tire reception of the money in Virginia.
Interest allowed a-g-ainst the executor on the circumstances hero, and directions for the computa- ' tiuti.
Widow’s interest in the slaves of which her husband dies the owner.
We would barely add that the question was made and seriously pressed on the court, in the argument, tiiat the widow or her representatives were entitled to dower m the whole slaves in preference to creditors, oi' exclusive of debts. We cannot see how the question can occur here. It was not necessary to sell slaves for the payment of debts, and for those which the administrator did sell, he has been compelled to account for hire, as if he still held them, so that the widow really gets her dower of all tiie slaves.
The decree must be reversed with costs, and the cause remanded with directions to enter such de *580 cree, as shall conform to the opinion of this court, and eacii appellant must recover the costs of their i-espective appeals.
Denny for Kellar; Grayson, for Beelor.